IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| TIMOTHY W. JENKINS, *et al.*, | : Case No. 3:21-cv-229 |
| Plaintiffs, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Caroline H. Gentry |
| LAMAR T. SAMUELS, *et al.*, | : |
| Defendants. | : |

**OPINION AND ORDER**

This matter came before the Court on Defendants' Motion to Compel (Doc. No. 13). The Court held a conference and made oral rulings on the issues raised in the Motion. This Opinion expands upon the Court's statements during the conference. For the reasons stated below, the Motion is GRANTED IN PART and DENIED IN PART.

**I.    FACTS**

This personal-injury case arises from a car accident that occurred on July 22, 2019. Plaintiff Jenkins was driving west on I-70 and was a half-mile away from the Indiana-Ohio state line when his vehicle collided with a semi-trailer truck driven by Defendant Samuels. Other parties in the case are Jenkins' insurer, Samuels' employer, the entity that leased the truck to Samuels' employer, and the lessor's insurer.

This discovery dispute centers around Jenkins' medical treatment before and after the accident. The information is arguably relevant to the nature, extent, and cause(s) of Jenkins' injuries. However, Jenkins resists providing this information, claiming privacy.

1

The parties' dispute is exacerbated by three factors. First, Jenkins is proceeding *pro se* and is not experienced with or knowledgeable about the Federal Rules of Civil Procedure. Second, Defendants have demanded that Jenkins sign medical releases that would authorize his health care providers to produce his medical records directly to the Defendants. Third, Ohio law restricts the discovery of medical records in civil litigation to those that are "related causally or historically to physical or mental injuries that are relevant to issues in the … civil action." Ohio Rev. Code § 2317.02.

## II. LEGAL STANDARD

### A. Scope of Discovery

The general rule is that "parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense **and proportional** to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). This Court has broad discretion over the discovery process, including the scope of discovery in a particular case. *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevance for discovery purposes is extremely broad." *Luxottica of Amer., Inc. v. Allianz Global Risks US Ins. Co.*, No. 1:20-cv-698, 2022 U.S. Dist. LEXIS 73650, *3 (S.D. Ohio Apr. 22, 2022) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).

Proportionality is determined by "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "[T]he burden to demonstrate that the requested discovery would be disproportional … rests with the objecting party." *Tipton v. OhioHealth Grady Mem. Hosp.*, No. 2:20-cv-4843, 2022 U.S. Dist. LEXIS 83951, *4 (S.D. Ohio May 10, 2022).

### B. Motions to Compel Discovery

If a party that receives discovery requests fails to respond or produce discoverable information, including documents or answers to interrogatories, then the party seeking discovery may ask the Court to compel its production. Fed. R. Civ. P. 37(a)(1), (3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The party that files a motion to compel "bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010). If the movant makes such a showing, then the responding party must show that the information sought is disproportional, that its production would be unduly burdensome, or both. *Prado v. Thomas*, No. 3:16-cv-306, 2017 U.S. Dist. LEXIS 173610, *1 (S.D. Ohio Oct. 19, 2017); *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015). Alternatively, the responding party can show that the requested information either does not exist or is not within that party's possession, custody or control. *Solly v. Mausser*, No. 2:15-cv-956, 2017 WL 4280935, *2 (S.D. Ohio Sept. 27, 2017); *Brown v.*

3

*Tellermate Holdings, Ltd.*, No. 2:11-cv-1122, 2013 U.S. Dist. LEXIS 48278, *6 (S.D. Ohio Apr. 3, 2013); *Brown v. Warden Ross Corr. Inst.*, No. 2:10-cv-822, 2011 WL 1877706, *5 (S.D. Ohio May 16, 2011); *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-cv-904, 2008 WL 4951792, *2 (S.D. Ohio Nov. 17, 2008).

### III. DECISION

#### A. Jenkins Is Not Required To Sign Medical Releases

Defendants argue that the Court should compel Jenkins to sign medical releases so that they can use subpoenas to obtain his medical records. The Court recognizes that the requested relief may be available in state court. *See, e.g., Marcum v. Miami Valley Hosp.*, 2015-Ohio-1582, 32 N.E. 3d 974 (2nd App. Dist. April 24, 2015) (affirming order compelling execution of medical releases). But this Court has repeatedly held that the Federal Rules of Civil Procedure do not permit federal courts to grant this relief. *See, e.g., Moody v. Honda of Amer. Mfg.*, No. 2:05-cv-880, 2006 U.S. Dist. LEXIS 43092, *11 (S.D. Ohio June 26, 2006); *Ward v. ESchool Consultants, LLC*, No. 2:10-cv-866, 2011 U.S. Dist. LEXIS 106384, *3-4 (S.D. Ohio Sept. 21, 2011). Therefore, to the extent that the Motion seeks to compel Jenkins to sign medical releases, the Motion is DENIED.

#### B. Jenkins Must Fully Respond To Seven Interrogatories

For the reasons stated during the parties' conference, the Court ORDERS Jenkins to supplement his answers and respond fully to the following interrogatories:

11. State the dates of any surgical procedures you have undergone involving any of the areas of your body allegedly injured as a result of the incident in the Complaint.

4

12. State when, where, and from whom you last obtained treatment, or consulted with any medical practitioner, with respect to those injuries you allege in the Complaint to have sustained.

16. Have you ever made an injury, workers' compensation, or disability claim of any kind outside of such claim related to the subject incident? If so, please state the date the claim was made, against whom the claim was made, the basis of said claim, disposition of said claim, and the name and address of the carrier.

19. State whether any of the medical bills, allegedly associated to the incident set forth in your Complaint, have been paid by insurance coverage or another entity, including Medicaid or Medicare. If so, please state the name of the insurer or entity, the policy or contract number, amounts paid (detailed to which provider and for which date of service), and whether said insurer or entity holds any rights of subrogation for amounts paid.

21. State the full name and last known address, giving the street, street number, apartment number, city and state of all persons having any knowledge of the incident set forth in your Complaint.

26. State the name, address, and telephone number of all expert witnesses you intend to call at the trial of this matter.

27. State the name, address, and telephone number of all lay witnesses you intend to call at the trial of this matter.

Jenkins is further ORDERED to provide the Defendants with a document that contains all of the Defendant's interrogatories, with each interrogatory followed by Jenkins' answer or supplemental answer. Further, as required by Federal Rule of Civil Procedure 33(b)(3), Jenkins must sign this document under oath in front of a notary public <u>or</u> under penalty of perjury pursuant to 28 U.S.C. § 1746.

### C. **Jenkins Must Produce Documents Responsive To Six Requests**

For the reasons stated during the hearing, the Court ORDERS Jenkins to produce documents responsive to the following requests (as modified by the Court where noted):

5

1. All federal and state income tax returns filed by you and/or any businesses owned or operated by you, including any and all W-2, 1099 and K-1 forms received by you, for the five (5) years preceding the subject accident up through the present.

2. Any and all documents verifying the total number of days and/or weeks that you were unable to work as a result of the injuries that you allegedly sustained in the incident along with all documents verifying the wages which you lost, as well as any alleged loss of business income and/or customers, as a result of your alleged injuries.

3. Any and all medical records relating to injuries allegedly sustained by you in the incident including, but not limited to, all hospital records, all emergency room records, outpatient care facility records, physicians' office records, and reports by physicians, including but not limited to: Pankaj Kumar, M.D./Medical Surgical Plus Primary Care; Reid Hospital; Richmond Radiology; Medical Surgical Plus Primary Care; Reid Neurology Associates; Reid Orthopedics; and Regenerative Medicine of North Atlanta.

4. Any and all medical records from each and every family doctor, primary care physician, physician, psychologist, psychiatrist, counselor, chiropractor, clinic, hospital, urgent care facility and/or emergency room that you have consulted with, or have received treatment from, in the **five (5) years**[1] preceding the subject incident up to the date of these Interrogatories, including but not limited to: Facility where you underwent a Head CT on 08/08/14; and Pankaj Kumar, M.D./Medical Surgical Plus Primary Care.

6. Any and all documents and materials relating to claims filed for disability, medical benefits, FMLA leave, or workers' compensation benefits.

23. A complete copy of your employment, payroll, personnel, disability, medical examinations, FMLA documents, and any other documents, files, or records, with respect to your employment history and/or performance with any entity or company with whom you were employed, at the time of the subject accident, and for the five (5) years preceding the subject accident up to the present, including but not limited to, those from Green Tokai Co.

---

[1] Defendants requested that Jenkins produce records for the 10-year period preceding the accident. For the reasons stated during the conference, the Court will limit this time period to five years.

Some responsive documents are expected to be in Jenkins' control but not in his possession. The Court ORDERS Jenkins to obtain responsive documents that are in the possession of his medical providers or employers and produce them to the Defendants.

If Jenkins believes that certain documents are not relevant or discoverable under Ohio law, he should email them to Gentry_Chambers@ohsd.uscourts.gov. The Court will then conduct an *in camera* review and issue an Order that identifies which documents, if any, that Jenkins must produce to Defendants. *Moody*, 2006 U.S. Dist. LEXIS 43092, *17; *Wilkinson v. Greater Dayton Reg'l Transit Auth.*, No. 3:11-cv-247, 2014 U.S. Dist. LEXIS 64522, *12 (S.D. Ohio May 9, 2014); *Estate of Olsen v. Fairfield City Sch. Dist.*, No. 1:15-cv-787, 2022 U.S. Dist. LEXIS 21054, *6-7 (S.D. Ohio Feb. 7, 2022).

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Compel (Doc. No. 13-3) is GRANTED IN PART and DENIED IN PART.

Jenkins is ORDERED to supplement his responses to Interrogatories 11, 12, 16, 19, 21, 26 and 27, and to provide complete answers under oath pursuant to Fed. R. Civ. P. 33(b)(3). Jenkins is further ORDERED to provide documents responsive to Request Numbers 1, 2, 3, 4, 6 and 23, and to obtain responsive documents from his medical providers and current and former employers. To the extent that Jenkins believes that responsive documents are not relevant or not discoverable under Ohio law, he should email them to Gentry_Chambers@ohsd.uscourts.gov for an *in camera* review.

The remainder of the Motion to Compel, including the Defendants' request for attorneys' fees incurred with respect to the Motion, is DENIED.

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.

**IT IS SO ORDERED.**

                                                  /s/ Caroline H. Gentry
                                                  Caroline H. Gentry
                                                  United States Magistrate Judge